IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 07-00516 JMS (06) |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT'S |
| | ) | MOTION REQUESTING A |
| vs. | ) | JUDICIAL RECOMMENDATION |
| | ) | BASED ON THE SECOND CHANCE |
| DAVID KALANI BISHOP, | ) | ACT OF 2007, DOC. NO. 379 |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT'S MOTION REQUESTING A
JUDICIAL RECOMMENDATION BASED ON THE SECOND CHANCE
ACT OF 2007, DOC. NO. 379**

**I. INTRODUCTION**

On September 25, 2015, Defendant David Kalani Bishop ("Defendant"), proceeding pro se, filed the instant Motion for a statement or order from this court recommending a twelve month placement in a residential re-entry center ("RRC") pursuant to the Second Chance Act of 2007 ("SCA"), Pub. L. No. 110-199 (2008).  Doc. No. 379.  For the reasons set forth below, the Motion is DENIED.

///

///

///

## II. DISCUSSION

**A.     Background**

Defendant is currently serving a sentence of 125 months imprisonment, to be followed by five years of supervised release, for conspiracy to distribute and to possess with intent to distribute in excess of 50 grams of methamphetamine, *see* Doc. No. 295, Judgment (imposing in part sentence of 156 months imprisonment); Doc. No. 372, Order (reducing term of imprisonment from 156 months to 125 months pursuant to 18 U.S.C. §3582(c)(2)).  Defendant states that he has served 84 months of his sentence.  Doc. No. 379, Mot, at 4.

According to Defendant, he recently met with his case manager and requested that he finish his imprisonment with "12 months RRC placement (6 months RRC/6 months home confinement)." *Id.* at 3.  Defendant's case manager allegedly stated that "with any statement or order from [Defendant's] sentencing court" he believed that re-entry placement of "365 days would be adequate in meeting [Defendant's] RRC needs, considering the amount of time he has been incarcerated."  Doc. No. 379, Mot. at 3.  Thus, by the instant Motion, Defendant seeks a recommendation from this court that he serve the final twelve months of his term of imprisonment in an RRC and home confinement. *Id.* at 3.  Defendant argues that he is a candidate for such placement due to the length of time already

served, and his admission of wrong, acceptance of punishment for his crime, and completion of numerous educational courses while in prison as part of his effort to become a better person. *Id.* at 4; Doc. No. 379-1, Education Data Transcript.

**B.    Legal Standard**

A federal defendant who has been convicted and sentenced to a term of imprisonment is committed to the custody of the Board of Prisons ("BOP"). 18 U.S.C. § 3621(a). The BOP "shall designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b); *see United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) (recognizing that the BOP "has the statutory authority to choose the locations where prisoners serve their sentence"); *see also United States v. Ashe*, 2015 WL 3820963, at *2 (D. Or. June 17, 2015) (noting that the BOP, not the court, has authority to designate a prisoner's placement).

Pursuant to §§ 3621(b) and 3624(c), the BOP has discretion to place an inmate in an RRC and/or home confinement. *See Sacora v. Thomas*, 628 F.3d 1059, 1061-62 (9th Cir. 2010) (recognizing that these two "statutory provisions govern the BOP's authority to place inmates in its custody in RRCs"). Section 3621(b) authorizes the BOP to "designate the place of the prisoner's imprisonment" generally upon consideration of, among other factors:

>> (4) any statement by the court that imposed the sentence--
>>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>> (B) recommending a type of penal or correctional facility as appropriate.

*Id.* And Section 3624(c)(1), as amended by the SCA, directs the BOP "to the extent practicable, [to] ensure that a prisoner . . . spends a portion of the final months" of that term [of imprisonment] (not to exceed 12 months)" in an appropriate setting to "prepare for the reentry of that prisoner into the community." An appropriate placement may include an RRC or "home confinement." 18 U.S.C. § 3624(c)(2). The SCA also requires the BOP to issue regulations designed to ensure that RRC placements are (1) "conducted in a manner consistent with section 3621(b)," (2) "determined on an individual basis," and (3) "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6).

**C.     Analysis**

Where appropriate and *at the time of sentencing*, courts may and routinely do make judicial recommendations regarding defendants' placement. *See Tapia v. United States*, 131 S. Ct. 2382, 2390 (2011) ("When a court sentences a federal offender . . . [it] can recommend that the BOP place an offender in a

particular facility or program) (emphasis omitted); *see also Harding v. Smith*, 2008 WL 2338485, at *5 (E.D. Cal. June 4, 2008) (noting that district judges generally "take their sentencing responsibilities very seriously and" make "recommendations as to the execution of sentences") (citing *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 247 (3d Cir. 2005)).  At sentencing in this case, the court recommended that Defendant be placed in a particular facility and participate in specific programs while in custody.  *See* Doc. No. 295, Judgment at 2.

But, Defendant cites no authority under which this court may make a *post judgment* recommendation regarding re-entry placement.  Nor can the court find persuasive authority.  *See United States v. Landers*, 2013 WL 5530271, at *2 (D. S.C. Oct. 7, 2013) ("The court is aware of no authority by which it may issue a recommendation for halfway house placement at this late stage [where Defendant had served 45 months of a 70 month sentence].");  *see also Zuspan v. O'Brien*, 2013 WL 6805574, at *10 (N.D. W.Va. Dec. 20, 2013) (noting that the BOP denied a longer term of RRC placement in part because "[t]he sentencing court . . . did not make any statement *on the Judgment and Commitment Order* regarding RRC placement) (emphasis added); *United States v. Accardi*, 2013 WL 1903559, at 1-2 (S.D. N.Y. May 7, 2013) (denying post-judgment motion for judicial recommendation regarding re-entry placement for lack of jurisdiction and noting

in any case that it had specifically recommended incarceration at sentencing); *United States v. Smalley*, 2015 WL 5001189, at *1-2 (S.D. Ga. Aug. 21, 2015) (denying motion for re-entry recommendation for lack of jurisdiction and stating alternatively that "[t]o make gratuitous judicial recommendations at the post-conviction state too closely resembles reconsideration of the sentence that the Court already carefully considered."); *but see United States v. Ceballos*, 671 F.3d 852, 856 n.2 (9th Cir. 2011) (suggesting in dicta that its holding would not deprive courts of any "authority to make (or not make) non-binding recommendations to the [BOP] at any time -- including but not limited to -- during the sentencing colloquy"); *United States v. Baker*, 2013 WL 355867, at *1 (M.D. Ala. Jan. 29, 2013) (construing without discussion § 3621(b)(4) to authorize the court's discretion to make recommendations long after the time of sentencing and granting motion for judicial recommendation regarding re-entry placement ).

   Alternatively, even if this court has authority to issue a belated recommendation, it declines to do so.  The court is neither familiar with Defendant's confinement record, nor in possession of current, relevant information that would bear on the issue of re-entry placement other than the list of education courses he attended while incarcerated.  *See* Doc. No. 379-1, Education Data Transcript.  Thus, even if the court could exercise its discretion, it lacks sufficient

information to make an informed recommendation. In short, the BOP is better suited to evaluating whether and to what extent re-entry placement is warranted. *See Landers*, 2013 WL 5530271, at *2 ("Given that the court is unfamiliar with Defendant's confinement record, the court believes the Bureau of Prisons is best situated to evaluate the appropriateness of halfway house placement for Defendant.").

### III. CONCLUSION

Based on the foregoing, Defendant's Motion Requesting a Judicial Recommendation Based on the Second Chance Act of 2007, Doc. No. 379, is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 2, 2015.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*United States v. Bishop*, Cr. No. 07-00516 JMS (06), Order Denying Defendant's Motion Requesting a Judicial Recommendation Based on the Second Chance Act of 2007, Doc. No. 379